**REPUBLIC OF the UNITED STATES OF BRAZIL, Appellant,**

v.

**THE M/V "MARKLAND", Her engines, etc. and Rederiaktiebolaget Motortank, Appellees.**

No. 18681.

United States Court of Appeals
Fifth Circuit.

May 17, 1961.

Edward W. Watson, Houston, Tex., Frank J. McConnell, New York City, for appellant, Purrington & McConnell, New York City, Eastham, Watson, Dale & Forney, Houston, Tex., of counsel.

Bryan F. Williams, Jr., Royston, Rayzor & Cook, Galveston, Tex., for appellees.

Before TUTTLE, Chief Judge, and HUTCHESON and BROWN, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an appeal from a decree in admiralty, finding the Brazilian Steamer Loide Uruguai solely at fault for a collision with the Swedish Tanker Markland on the high seas in a fog. The case was tried to the court on full evidence, oral and written, including the testimony of Saar, Markland's Third Mate, who had the watch on Markland when the collision occurred and who testified orally, fully and clearly as to the events occurring preceding and at the time of the collision. The court accepted the testimony of Saar as the correct statement of the situation as to the

Markland and its part in the collision and made full findings, placing the blame for the collision on the Loide and fully exonerating the Markland.

Appealing from the judgment, the libellant is here stating, "This appeal is limited to challenging of certain findings of fact made to the trial court. No points of law are at issue".

■ Under these circumstances, even before McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20, the burden on libellant would have been almost too heavy to be borne. Since and with McAllister, unless this court can undertake to retry the case, as at one time it could do, the burden assumed by the appellant is insuperable, for under circumstances of this kind, where a critical witness testified orally and the trial judge accepts it as the basis for his finding, there is no warrant for this court's reexamining the evidence as a whole, the testimony of Saar, or that of any other witness, except in the light placed thereon by the findings of the district judge.

■ In addition to the difficulties which appellant faces as a result of McAllister, it is, in view of the undisputed, indeed conceded, fact that the Loide was traveling too fast in an enveloping fog, faced with the additional burden, under the Pennsylvania rule, of making a clear showing that, though it was at fault, there was also fault on the part of the other vessel which contributed to the injury.

We have searched the record in vain for any sound basis for this claim. What we have here is the usual fact that each witness has uniformly sworn in favor of his own ship. In addition, however, we have the positive stamp of approval placed by the district judge on the oral testimony of the witness Saar, and no basis is shown on which we can reject this finding in order to find contributing fault.

■ In addition and over and above all this, the evidence as a whole speaks for itself, showing, as it does, that the Loide, coming from the land, where the fog was, toward the open sea, had been in the fog for some time before the collision, while the Markland, coming from the open sea toward the shore, had not come into or observed the fog until a short time before the collision. Under these circumstances, the Loide was the heavily burdened vessel, and the Markland had the right to rely on the Loide's advising her in full time and with clearly perceptible signals that she was in a fog, rather than to hurry along at high speed in the hope that vessels coming into port would see the fog in time to permit the Loide to continue her course and speed unchecked.

■ On the record as a whole, we are of the clear opinion that there is no showing that the findings of the district judge, fixing the whole fault on the Loide, are clearly erroneous, and that the judgment should be affirmed.

Affirmed.